IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| AMBERLY REYES, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO.  7:26-cv-107 |
| GEO SECURE SERVICES, L.L.C. d/b/a/ THE GEO GROUP, Inc., | § § § § | |
| Defendant. | § § § | |

**DEFENDANT'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Geo Secure Services, L.L.C. d/b/a The Geo Group, Inc. ("Defendant") files this Notice of Removal of Cause No. C-5590-25-M filed by Plaintiff Amberly Reyes ("Plaintiff" or "Reyes") in the 476th Judicial District Court of Hidalgo County, Texas, to the United States District Court for the Southern District of Texas, McAllen Division.  In support thereof, Defendant respectfully shows the Court as follows:

**I.       INTRODUCTION**

On or about November 18, 2025, Plaintiff Amberly Reyes initiated this action, captioned *Amberly Reyes v. Geo Secure Services, L.L.C. d/b/a/ The Geo Group, Inc.,* in the 476th Judicial District Court, Hidalgo County, Texas by filing Plaintiff's Original Petition ("Original Petition"). The District Court designated Plaintiff's action as Cause No. C-5590-25-M ("State Court Action").

While the District Court issued Citation on November 21, 2025, the Citation was returned unserved on December 15, 2025. Plaintiff amended her Original Petition by filing her First Amended Original Petition ("Amended Petition") on January 22, 2026. On or about February 5, 2026, Defendant's registered agent was served with Plaintiff's First Amended Original Petition, which is attached hereto as **Exhibit 1**, via certified mail.

DEFENDANT'S NOTICE OF REMOVAL - Page 1

As required by 28 U.S.C. § 1446(a), a copy of the docket sheet from the State Court Action is also attached hereto as **Exhibit 2**; true and correct copies of the prior request for process, citation and certification of return of service as unserved/unclaimed are attached as **Exhibit 3**; and true and correct copies of all pleadings, and orders related to the state court proceeding are attached as **Exhibit 4** and incorporated herein by reference.

In the Amended Petition, Plaintiff alleges that Defendant discriminated against her on the basis of her sexual orientation when Defendant decided to terminate her employment with Defendant on October 19, 2023. **Ex. 1** ¶ 6. In so doing, Plaintiff referenced and incorporated her allegations of discrimination as set forth in her charge of discrimination dually filed with Equal Employment Opportunity Commission ("EEOC") and the Texas Work Commission Civil Rights Division ("TWCCRD") on November 22, 2025. *Id*. The Amended Petition, however, failed to include copies of her Charge filed with the respective agencies. *See, generally, id*. In her Amended Petition, Plaintiff asserts only state law causes of action against Defendant, as she affirmatively denies asserting violations of federal law therein. **Ex. 1** ¶ 3.

## II.      JURISDICTION

This Court has original jurisdiction over this civil action based on diversity of citizenship. *See* 28 U.S.C. § 1332. Diversity jurisdiction exists in a civil matter when: (1) the amount in controversy exceeds $75,000, exclusive of interest and costs and (2) the dispute is between citizens of different states. *Id.* § 1332(a)(1). Both requirements are satisfied in this case.

## A.      Complete Diversity of Citizenship Exists Between the Parties.

According to her Amended Petition, Plaintiff is resident of the State of Texas.  Ex. 1 ¶ 1. In contrast, Defendant is a limited liability company formed in and under the laws of the State of Florida and wholly owned by a  a single member: GEO Corrections Holdings, Inc..  Winepol Decl. ¶ 2, attached hereto as **Exhibit 5**. For the purposes of diversity jurisdiction, "the citizenship of an

LLC is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (citations omitted).

GEO Corrections Holdings, Inc. is a corporation formed in and under the laws of the State of Florida, with its headquarters in Boca Raton, Florida. **Ex. 5 ¶ 2.** As such, GEO Corrections Holdings, Inc. is a citizen of Florida and no other state. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81, 92-95 (2010). Therefore, Defendant, after consideration of the citizenship of all its members, is a citizen of the state of Florida and no other state.

Because Plaintiff and Defendant are not citizens of the same state, the statutory requirements of 28 U.S.C. § 1332(a)(1) are satisfied, as there is complete diversity between the parties in this action.

**B.      The Amount in Controversy Exceeds $75,000.**

In her Amended Petition, Plaintiff does not allege a specific amount of damages despite being required to do so under state law. *See* TEX. R. CIV. P. 47. Notwithstanding Plaintiff's pleading error, federal courts allow defendants to remove a matter under these circumstances when it can prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount "in one of two ways." *Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003) (citing *De Aguilar v. Boeing Co.,* 11 F.3d 55, 58 (5th Cir.1993)). First, jurisdiction is proper if "it is facially apparent" from the plaintiff's complaint that her "claims are likely above [$75,000]." *Id.* at 639 (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). Second, even if the value of the claims is not apparent, then the defendant "may support federal jurisdiction by setting forth the facts—[either] in the removal petition [or] by affidavit—that support a finding of the requisite amount." *Id.*

**DEFENDANT'S NOTICE OF REMOVAL - Page 3**

In her Amended Petition Plaintiff alleges that, if she proves her discrimination claims, she would be entitled to back pay, reinstatement or, in the alternative, front pay, compensatory damages, attorneys' fees, and punitive damages. **Ex. 1** ¶ 15.

According to her employment records, Plaintiff's last day of employment with Defendant was October 19, 2023, at which time she was working full time and earning $20.92 per hour with an annual salary of $45,689.28. **Ex. 5**, Winepol Decl. ¶ 5 and its attachments: **Ex. A** at 2 (showing Plaintiff's salary and hourly rate at termination within Defendant's employee payroll system), **Ex. B** at 1-4 (showing Plaintiff's hourly rate at termination within check details from Defendant dated September 2023 through October 2023). Plaintiff's IRS Form W-2 for 2022 reflects total pay for 2022 in the amount of $40,248.17, and her W-2 for 2023 (partial year worked through Oct. 19, 2023) reflects total pay for 2023 in the amount of $35,237.72. *Id.* ¶ 5 and its attachment: **Ex. C** (showing Plaintiff's 2022 and 2023 salary as contained within her W-2's from Defendant). Ms. Reyes's payroll records at the time her employment was terminated further indicate that Plaintiff's average weekly earnings in 2023 amounted to $878.64 per week. *Id.* ¶ 6 and its attachment: **Ex. A** at 2.

Although Defendant denies Plaintiff is entitled to recover any damages, if she were to recover back wages from October 19, 2023, through the date of trial—conservatively estimated at one year from date Plaintiff filed her Amended Petition, *i.e.,* January 22, 2027—Plaintiff would be entitled to back wages in the amount of $149,368.80, which would satisfy the jurisdictional amount alone. *See Cisneros v. UTC Providers-Austin, Inc.*, No. 1:17-CV-593-RP, 2019 WL 13253467, at *4 (W.D. Tex. Aug. 7, 2019) (citing *Palasota v. Haggar Clothing Co.*, 499 F.3d 474, 483) (5th Cir. 2007) (recognizing, in Title VII context, that back pay accrues "from the date of the commencement of the discriminatory course of conduct causing financial loss until the date

**DEFENDANT'S NOTICE OF REMOVAL - Page 4**

damages are 'settled'"); *Richey v. Wal-Mart Stores, Inc.,* 390 F. App'x 375, 379 (5th Cir. 2010) (per curiam) (finding amount in controversy satisfied—even though the amount in controversy was not pleaded affirmatively—where defendant-employer presented evidence of plaintiff's wage rate in discrimination case).

Additionally, Plaintiff may potentially recover front pay, compensatory damages, punitive damages, or attorneys' fees in this action, all of which may be considered at this stage to increase the amount in controversy. *See Ford v. United Parcel Serv., Inc. (Ohio)*, No. 3:14-CV-1872-D, 2014 WL 4105965, at *3 (N.D. Tex. Aug. 21, 2014) (finding amount in controversy met in sex discrimination case when accounting for front pay, compensatory damages, punitive damages, and attorneys' fees). Accordingly, the amount in controversy in this matter well exceeds the $75,000 threshold to satisfy the second prong of diversity jurisdiction.

### III.    VENUE AND PROCEDURAL PREREQUISITES

The Southern District of Texas, McAllen Division, is the federal district and division that encompasses the 476th Judicial District Court of Hidalgo County, Texas.  *See* 28 U.S.C. § 124(b)(7).  This Notice of Removal is filed within 30 days of Defendant receiving a copy of Plaintiff's Original Petition and is therefore timely filed under 28 U.S.C. § 1446(b)(1). Accordingly, removal to this Court is proper pursuant to 28 U.S.C. §§ 1441(a) and 1446.

Because Defendant is the only defendant named in this action, no other parties are required to consent to the removal of this action. *See* 28 U.S.C. § 1446(b)(2)(A) (requiring that all defendants must join in the removal of an action over which a federal court has original jurisdiction).

As required under 28 U.S.C. § 1446(d), Defendant will provide prompt written notice of the filing of this Notice of Removal to all adverse parties and will file a copy of the Notice of Filing Notice of Removal with the 476th Judicial District Court of Hidalgo County, Texas.

**DEFENDANT'S NOTICE OF REMOVAL - Page 5**

By removing this action prior to filing its answer in State Court Action, Defendant does not waive any defenses, objections, or motions available to it under state or federal law. Defendant specifically reserves its right to file a responsive pleading or motion pursuant to Federal Rule of Civil Procedure 12 or any other applicable rule or law.

### IV.    CONCLUSION

Having demonstrated complete diversity of citizenship of the parties and the prerequisite amount in controversy, this matter is properly removed to this Court based on diversity jurisdiction under 28 U.S.C. § 1332. For the foregoing reasons, this matter is removable procedurally under 28 U.S.C. §§ 1441 and 1446.  As such, Defendant respectfully requests the removal of this action from the 476th Judicial District Court of Hidalgo County to the United States District Court for the Southern District of Texas, McAllen Division.

Dated:  March 2, 2026

Respectfully Submitted,

*/s/ Kelli Fuqua*

Kelli Fuqua
Texas Bar No. 24097713
kfuqua@littler.com
David M. Strachan
Texas Bar No. 24135515
dstrachan@littler.com
LITTLER MENDELSON, P.C.
100 Congress Avenue, Suite 1400
Austin, Texas 78701
Telephone:    512.982.7250
Facsimile:    512.982.7248

**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 2, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing upon the counsel below:

David R. Joe
Texas Bar No. 24003872
Federal Bar 34002
The Law Office of David Royse Joe
375 S. 10th Street
Raymondville, TX, 78580
Office: (956) 699-3030
davidroysejoe@yahoo.com

***Attorney for Plaintiff***

*/s/ Kelli Fuqua*
Kelli Fuqua
David M. Strachan

**DEFENDANT'S NOTICE OF REMOVAL - Page 7**